UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SCOTT LAWRENCE BUTTERFIELD,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 09-2848 (DSD/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 1995, Petitioner was convicted in the state district court for Anoka County, Minnesota, on multiple charges of criminal sexual conduct and other offenses. He was given a 544-month prison sentence, and he is currently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

After Petitioner was convicted, he filed a direct appeal, which challenged the legality of his sentence on several grounds. The Minnesota Court of Appeals rejected most of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's arguments, but found at least one argument to be valid. As a result, Petitioner's sentence was reduced to 523 months, but his conviction and sentence were otherwise affirmed as modified. State v. Butterfield, 555 N.W.2d 526 (Minn.App. 1996), rev. denied, Dec. 17, 1996.

Petitioner later challenged his conviction and sentence in a post-conviction motion, but his post-conviction arguments were rejected by the trial court, and on appeal. Butterfield v. State, No. C2-00-1090 (Minn.App. 2001), 2001 WL 214210 (unpublished opinion), rev. denied, May 15, 2001, cert. denied, 534 U.S. 932 (2001).

On August 15, 2002, Petitioner filed a habeas corpus petition here in the United States District Court for the District of Minnesota. Butterfield v. State of Minnesota, Civil No. 02-2927 (DSD/SRN), ["Butterfield I"].) Butterfield I was assigned to this Court for a Report and Recommendation, ("R&R"), and it was recommended that the case be summarily dismissed, because it had not been commenced within the one-year statute of limitations period that applies to federal habeas corpus petitions. (Butterfield I, R&R dated August 22, 2002, [Docket No. 6].) Petitioner did not file any objections to the R&R, and the District Court Judge adopted the R&R, and dismissed Petitioner's habeas corpus petition with prejudice. (Butterfield I, Order dated September 17, 2002; [Docket No. 8].)

After Petitioner failed in his first application for federal habeas corpus relief, he returned to the Minnesota state courts, and attempted to challenge his conviction in another state post-conviction motion. Petitioner's second post-conviction motion was denied, and that ruling was later upheld on appeal. Butterfield v. State, No. A03-872 (Minn.App. 2003), 2003 WL 23024555 (unpublished opinion).

On October 13, 2009, Petitioner commenced the present action by filing his second habeas corpus petition in this District. Petitioner is once again seeking a writ of habeas corpus that would set aside his 1995 state court conviction and sentence. The current petition lists five grounds for relief, which Petitioner has identified as follows:

(1) "Found not guilty of assault with a knife by a jury & the judge still used the dismissed Charge/element to impose an upward departure."

(2) "Defendant wasn't present for jury selection."

(3) "Denied effective assistance of counsel."

(4) "Denied a stenographer to record the proceeding."

(5) "No reasons were stated on the record & no departure report was submitted."

(Petition, [Docket No. 1], pp. 4-5, §§ 12.A - E.)

None of Petitioner's current claims can be addressed on the merits at this time, because the Court presently lacks jurisdiction in this matter.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), effected several significant changes to the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive habeas corpus petitions.[2] Under these new rules, a district court cannot entertain a second

---

[2] 28 U.S.C. § 2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be

or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained pre-approval from the appropriate federal Circuit Court of Appeals. The Court of Appeals must grant the prisoner a pre-authorization order, which expressly allows him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of

---

dismissed unless–
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

Petitioner's current habeas corpus petition is his second application for federal habeas corpus review of his 1995 Minnesota state court conviction. Because the first such application, (Butterfield I), was dismissed with prejudice, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). Therefore, the present action cannot be entertained without a pre-authorization order from the Eighth Circuit Court of Appeals. Because Petitioner has not shown that he has obtained a pre-authorization order, his current petition must be dismissed for lack of jurisdiction. Burton v. Stewart, 549 U.S. 147, 153 (2007) (where a state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge..., [and] [b]ecause he did not do so, the District Court was without jurisdiction to entertain it"). See also Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

Section 2244(b) clearly provides that our Court cannot entertain a new habeas corpus petition challenging Petitioner's 1995 state criminal conviction, unless the Eighth Circuit Court of Appeals first grants him permission to file a successive petition. Because Petitioner's current petition is not accompanied by an order granting such permission, our Court cannot address the petition on the merits at this time.

### III. CONCLUSION

In sum, Petitioner's current habeas corpus petition is a second or successive petition, which must be dismissed for lack of jurisdiction, because the Court of Appeals has

5

not granted him permission to file it. The Court will recommend that this action be dismissed without prejudice, so that Petitioner can re-submit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals, as required by § 2244(b)(3)(A).[3] Petitioner should carefully note, however, that <u>the Federal District Court will not entertain any future habeas petition pertaining to his 1995 state criminal conviction and sentence, unless such petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals</u>.[4]

Lastly, the Court notes Petitioner has filed an application for leave to proceed <u>in forma pauperis</u>, ("IFP"), in this matter. (Docket No. 2.) Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that

---

[3] There is some case law suggesting that an action barred by § 2244(b)(3) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. <u>See</u> e.g., <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2nd Cir. 1996); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has not specifically attempted to meet that standard in his present submissions, it is unlikely that the Court of Appeals would grant a pre-authorization order at this time. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action (without prejudice) and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

[4] Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the <u>timeliness</u> of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (<u>see</u> 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

6

Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction.

Dated: October 21, 2009

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 5, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.